Priority
Send ✓
Enter ✓
Closed
JS-5/JS-6
JS-2/JS-3
Scan Only



FILED
CLERK, U.S. DISTRICT COURT
JAN 2 5 2001
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

NANCY SILVERS, ) CV 00-6386 SVW (RCx)
)
    Plaintiff, )
) ORDER GRANTING IN PART AND
    v. ) DENYING IN PART DEFENDANT'S
) MOTION TO DISMISS
SONY PICTURES ENTERTAINMENT, )
INC., et al., )
)
    Defendants. )
_____)

THIS CONSTITUTES NOTICE OF ENTRY AS REQUIRED BY FRCP, RULE 77(d).

ENTERED
CLERK, U.S. DISTRICT COURT
JAN 26 2001
CENTRAL DISTRICT OF CALIFORNIA

## I. Introduction

Plaintiff Nancy Silvers asserts claims of copyright infringement and unfair competition. Defendant Sony Pictures Entertainment ("Sony") moves to dismiss the copyright claim on the ground that Plaintiff lacks standing. Sony also moves to dismiss the unfair competition claim as preempted. For the reasons stated below, the Court grants in part and denies in part Defendant's motion.

## II. Discussion

### A. Plaintiff has Standing to Bring a Copyright Claim

The essence of Plaintiff's complaint is that Defendants' motion picture "Stepmom" infringed the copyright of the television movie "The Other Woman," which Plaintiff wrote on a work-for-hire basis for the production company Frank & Bob Films II ("Frank & Bob"). Defendant argues that Plaintiff lacks standing to sue because she is not the registered owner of the copyright. Plaintiff responds that she does have standing to sue because the registered owner of the copyright, Frank & Bob, assigned to her the accrued cause of action.

Defendant's argument that Plaintiff lacks standing is based primarily on the plain language of the Copyright Act. The Act provides that the "legal or beneficial owner of an exclusive right under a copyright is entitled . . . to institute an action for any infringement of that particular right committed while he or she is the owner of it." 17 U.S.C. § 501(b). Thus, Defendant notes, the "Copyright Act authorizes only two types of claimants to sue for copyright infringement: (1) owners of copyrights, and (2) persons who have been granted exclusive licenses by owners of copyrights." Eden Toys, Inc. v. Florelee Undergarment Co., 697 F.2d 27 (2d Cir. 1982). Because Plaintiff is neither the owner of the copyright nor the holder of an exclusive license, Defendant concludes, she lacks standing to sue for copyright infringement.

Defendant cites numerous cases purportedly supporting the claim that an assignee of an accrued cause of action for copyright infringement does not have standing to sue. Only two of those cases, Eden Toys, 697 F.2d 27, and ABKCO Music, Inc. v. Harrisongs Music, Ltd., 944 F.2d 971 (2d Cir. 1991), truly speak to this issue.[1] In Eden Toys, the Second Circuit held: "We do not believe that the Copyright Act permits holders of rights under copyrights to choose third parties to bring suits on their behalf." 697 F.2d at 32 n.3. In ABKCO Music, the Second Circuit cited Eden Toys with approval, again holding that the Act "does not permit copyright holders to choose third parties to bring suits on their behalf." 944 F.2d at 980.

---

1. The remaining cases note that the Copyright Act authorizes only the owner or exclusive licensee of a copyright to sue, but they do not consider whether the owner or licensee may assign an accrued cause of action to a third party.

2

To support its claim of standing, Plaintiff relies principally on Nimmer on Copyright. Nimmer opines that "the assignee of an accrued infringement cause of action has standing to sue without the need to join his assignor, even if the latter retains ownership of all other rights under the copyright." Nimmer § 12.02[B]. In support of that proposition, the treatise cites Prather v. Neva Paperbacks, Inc., 410 F.2d 698 (5th Cir. 1969).

Prather appears to support Plaintiff's position. The Fifth Circuit seemed to suggest that a plaintiff could have standing to sue, even if the plaintiff were not a copyright holder or exclusive licensee, based simply on an assignment of an accrued cause of action. The court stated: "overlooked by all counsel is the effectiveness of an assignment of accrued causes of action for copyright infringement." 410 F.2d at 700. This statement is dictum, however, because the plaintiff in Prather was assigned both the accrued causes of action and the copyright rights. The Fifth Circuit's decision thus does not answer whether the assignment of the cause of action alone is sufficient to confer standing.[2]

---

2. Two other district courts have cited Prather for the proposition that causes of action accrued prior to an assignment of a copyright can accompany the assignment and confer standing for those prior causes of action upon the assignee. See, Infodek, Inc. v. Meredith-Webb Printing Company, Inc., 830 F. Supp. 614, 619 (N.D. Georgia 1993) ("unless the assignment of copyright contains language explicitly transferring causes of action for prior infringements, the assignee cannot maintain a suit for infringements [that] happened before the effective date of the assignment") and Eden Toys, Inc. v. Florelee Undergarment Co., Inc., 526 F. Supp. 1187, 1192 (1981) ("courts have allowed the contractual transfer of accrued causes of action to accompany the assignment of a copyright.")

That being said, the Court is nevertheless persuaded that Plaintiff has standing to pursue the copyright claim in this case. Various facts influence the Court's decision. First, the leading treatise on the subject, <u>Nimmer on Copyright</u>, a source frequently cited by the Supreme Court as authority on copyright law, rejects <u>Eden Toys</u> and opines that the assignment of an accrued cause of action is effective to confer standing on the assignee, even though the assignor retains all interests in the copyright.[3]

Second, the text of the Copyright Act is not inconsistent with the proposition that an assignee of an accrued cause of action for copyright infringement has standing to bring suit. The Act states that the owner or exclusive licensee may institute an action for infringement committed while he or she owns that interest. 17 U.S.C. § 501(b). Certainly, this provision precludes non-exclusive licensees and the like from bringing an action for copyright infringement. However, it is just not clear from § 501(b) whether Congress intended also to preclude the owner or exclusive licensee of a copyright from assigning an accrued cause of action for infringement to a third party.

Nor is Plaintiff's standing claim inconsistent with the policy behind § 501(b). The purpose of that provision, in the Court's opinion, is to prevent the duplicative litigation and recovery that would result if anyone other than the exclusive copyright owner or licensee were permitted to bring an infringement

---

3. As noted in Defendant's reply, <u>Nimmer on Copyright</u> directs the reader to compare <u>Eden Toys</u> after concluding that a copyright holder may assign accrued causes of action. Def. Reply p. 5. It is clear, then, that the author was aware of and rejected the contrary Second Circuit authority.

4

action. But where the exclusive owner of a copyright assigns an accrued claim to one person, there is <u>no</u> risk of duplicative recovery.

The Court recognizes that policy concerns underlying the Copyright Act might militate against allowing a copyright holder to assign away <u>future</u> rights to sue for copyright infringement. Where the cause of action has already accrued, though, the claim is akin to a vested right, and the Court sees no reason why a copyright holder, like any other property owner, would not have the ability to assign that right.

The Court is not persuaded by <u>ABKCO Music</u> and the other cases cited by Defendant. There is an internal inconsistency in those opinions that troubles this Court. In holding that a plaintiff who has merely been assigned an accrued cause of action for copyright infringement lacks standing, <u>ABKCO Music</u> relies on a literal reading of the Copyright Act. Section 501(b) provides: "The legal or beneficial owner of an exclusive right under a copyright is entitled . . . to institute an action for infringement of that particular right committed while he or she is the owner of it." Because the mere assignee of the right to sue is not a copyright owner or exclusive licensee, the Second Circuit concluded, the assignee must lack standing under the Act. But <u>ABKCO Music</u> (as well as some of the other cases cited by Defendant) simultaneously recognizes a principle that is itself at odds with this literal reading of § 501(b). <u>ABKCO Music</u> holds that a copyright holder may assign to a third party both the copyright and any causes of action that have already accrued, and <u>the assignee will have standing to pursue those previously-accrued claims</u>. 944 F.2d at 980. But reading § 501(b) literally--as the

Second Circuit does in concluding that the mere assignee of an accrued cause of action lacks standing--this cannot be. After all, the plain language of § 501(b) only authorizes the person who owns the copyright <u>at the time of infringement</u> to bring suit. 17 U.S.C. § 501(b) ("The legal or beneficial owner of an exclusive right under a copyright is entitled . . . to institute an action for <u>infringement of that particular right committed while he or she is the owner of it.</u>") (emphasis added). Thus, a literal reading of § 501(b) would not permit the assignee of both the copyright and any accrued causes of action to bring suit on those previously-accrued claims because the assignee did not own the copyright at the time of infringement.

In short, the Court can find no reason that Plaintiff, as an assignee of an accrued cause of action for copyright infringement, should not have standing to pursue that claim. Neither the text nor policy behind § 501(b) militate against Plaintiff's standing to bring an action. In addition, the cases cited by Defendant fail to persuade the Court that the Copyright Act compels a contrary result. Defendant's motion to dismiss on this basis is therefore denied.

**B.   Plaintiff's Unfair Competition Claim is Preempted**

A state law claim is preempted by the Copyright Act if it seeks relief for rights "equivalent to any of the exclusive rights within the general scope of copyright . . . in works of authorship that are fixed in a tangible medium of expression and come within the subject matter of copyright." 17 U.S.C. § 301(a). "To survive preemption, the state cause of action must protect rights which are qualitatively different from the copyright rights." <u>Del Madera Properties v. Rhodes and Gardner, Inc.</u>, 820 F.2d 973, 977 (9th Cir.

1987).  The claim must have an "extra element" that "changes the nature of the action so that it is <u>qualitatively</u> different from a copyright . . . infringement claim." <u>Summit Mach. Tool Mfg. v. Victor CNC Sys.</u>, 7 F.3d 1434, 1440 (9th Cir. 1993) (citations omitted).

In this case, Plaintiff's unfair competition claim simply incorporates by reference the allegations relating to her copyright infringement claim.  It is clear, then, that the state claim does not "protect rights which are qualitatively different from the copyright rights." <u>Del Madera</u>, 820 F.2d at 977.  It is therefore preempted, and Defendant's motion to dismiss on this basis is granted.

### III.  Conclusion

For the reasons stated above, the Court (1) DENIES Defendant's motion to dismiss Plaintiff's copyright claim for lack of standing, and (2) GRANTS Defendant's motion to dismiss Plaintiff's unfair competition claim as preempted.

IT IS SO ORDERED.

DATED: 1/25/2001

STEPHEN V. WILSON
UNITED STATES DISTRICT JUDGE